# EXHIBIT A

*State Court Pleadings*

 CT Corporation

**Service of Process Transmittal**
11/21/2013
CT Log Number 523928900

TO:   Gwen Bulington, Corporate Paralegal
      TitleMax
      15 Bull Street, Suite 200
      Savannah, GA 31401

RE:   **Process Served in South Carolina**

FOR:  TitleMax of South Carolina, Inc. (Domestic State: SC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Emmy Flinkingshelt, Pltf. vs. TitleMax of South Carolina, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Greenville County Court of Common Pleas, SC<br>Case # 2013CP2306138 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On July 9, 2013 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/21/2013 postmarked on 11/20/2013 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service of the same, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | Brian E. Arnold<br>1314 E. Washington Street<br>Greenville, SC 29607<br>864-242-2427 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 797216066055<br>Email Notification, Danielle Gibson danielle.gibson@titlemax.biz<br>Email Notification, Gwen Bulington Gwen.Bulington@titlemax.biz<br>Email Notification, Travis Smuckler travis.smuckler@titlemax.biz |
| **SIGNED:** | CT Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / RA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CT Corp. System
2 Office Park Court (Suite 103)
Columbia, SC  29223
(TTHINOS of SC)

ALF
1314 E Washington St
Greenville, SC 29607

U.S. POSTAGE
PAID
GREENVILLE, SC
29502
NOV 20, 13
AMOUNT
$6.31
00090685

CERTIFIED MAIL

7010 3090 0002 8110 7610

29223
1000

23223354899

STATE OF SOUTH CAROLINA      )

                                      )         **IN THE COURT OF COMMON PLEAS**

COUNTY OF GREENVILLE       )

                                        )

EMMY FLINKINGSHELT   ~FILED-CLERK OF COURT~   **CIVIL ACTION COVERSHEET**

                  ~GREENVILLE CO. S.C.~

            ~Plaintiff(s)~ ~PAUL B. MCKONSIMER~

                           )      2013-CP - 23- ~06138~

     **vs.**   ~2013 NOV 13~  ~AM 9 06~

                           )

TITLEMAX OF SOUTH CAROLINA, INC. )

           **Defendant(s)**    )

**Submitted By:** BRIAN ARNOLD           **SC Bar #:**     **16839**

**Address:** 1314 EAST WASHINGTON STREET,   **Telephone #:**  **242-2427**

         **GREENVILLE 29607**         **Fax #:**       **335-4195**

                                            **Other:**

                                          **E-mail:**

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*

***\*If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.

☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | |    Settlement Payment Rights | ☐ Zoning Board (970) |
| | |    Application (780) | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers | |
| | |    Compensation Settlement | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) |    Approval (780) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | ☐ Other (799) | |
| |    an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _____      **Date:** 11-7-13

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) COURT OF COMMON PLEAS
COUNTY OF GREENVILLE )
)
)
Emmy Flinkingshelt, )
) Case No.2013-CP-23__06138
Plaintiff, )
) **SUMMONS**
v. )
)
TitleMax of South Carolina, Inc. )
)
Defendant. )
_____)

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of

which is attached hereto and herewith served upon you, and to serve a copy of your answer to same

upon the subscribed at 1314 E. Washington Street, Greenville, South Carolina, 29607 within thirty

(30) days after the service of same, exclusive of the day of such service.  If you fail to answer same

within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and

judgment will be taken against you by default.

Respectfully submitted,

**ARNOLD LAW FIRM, LLC**

By:  _____
BRIAN E. ARNOLD
S.C. Bar No. 16839
1314 E. Washington Street
Greenville, South Carolina 29607
(864) 242-2427

STATE OF SOUTH CAROLINA        )    COURT OF COMMON PLEAS
                               )
COUNTY OF GREENVILLE           )
                               )
                               )
                               )    Case No. 2013-CP-23-06138
Emmy Flinkingshelt,            )
                               )
          Plaintiff,           )    **COMPLAINT**
                               )
     v.                        )
                               )
TitleMax of South Carolina, Inc. )
          Defendant.           )
_____)

FILED-CLERK OF COURT
GREENVILLE CO. S.C.
PAUL B. WICKENSIMER
2013 NOV 13 AM 9 06

Plaintiff would respectfully show unto this Court as follows:

1.      At all times relevant hereto, Emmy Flinkingshelt (hereinafter "Plaintiff"), was employed by Defendant (hereinafter "Defendant") in Greenville County, South Carolina. Defendant is a corporation duly organized under the law of South Carolina and conducts business across the state, including in Greenville County. Defendant is a covered employer under the FLSA and the ADEA.

2.      This Court has jurisdiction to grant the relief sought herein pursuant to 29 U.S.C. section 201 et seq. (FLSA), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and 29 U.S.C. sections 1161 et seq.

3.      Venue is proper because the unlawful and improper acts giving rise to Plaintiff's claims occurred in Greenville County, South Carolina.

### For A First Cause of Action
### Retaliation
### Fair Labor Standards Act (FLSA)

4.      Plaintiff incorporates by reference the allegations of the preceding paragraphs as if set forth here in full.

5.      Plaintiff, worked for Defendant, a covered "employer" under the FLSA, and both involved in interstate commerce. Plaintiff was employed by Defendant for almost three years until her termination on July 9, 2013.

6.      Plaintiff complained to Defendant about overtime violations of the FLSA. Defendant terminated Plaintiff's supervisor who required Plaintiff to work off the clock and paid Plaintiff back overtime pay. However, shortly thereafter, Plaintiff's new supervisor began writing up Plaintiff for non-issues or false issues and then terminated Plaintiff. Such reasons were pretextual and simply a coverup for the real reason for termination: Plaintiff's complaint about FLSA violations.

7.      Defendant acted with malice and with reckless indifference for the rights of Plaintiff and as such, Defendant's retaliatory termination of Plaintiff was a willful violation of the FLSA.

8.      Plaintiff has suffered monetary damages as a result of the retaliatory termination.

WHEREFORE, Plaintiff respectfully requests a trial by jury on this first claim and that she be granted the following relief:

(a).      Actual and compensatory damages for the loss wages, including back and front pay and benefits;

(b)      Liquidated damages for the willful violation;

(c).      Attorneys fees, expenses, costs, and interest; and

(d).    All other and further relief as to this Court appears necessary and proper.

## For A Second Cause Of Action
### Age Discrimination

9.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as if set forth here in full.

10.    Plaintiff is substantially older than 40 years of age and is a covered employee under the ADEA. Plaintiff filed a charge of discrimination with the EEOC and received a Notice of Right to Sue. This action is filed within 90 days from the date of receipt of this Notice of Right to Sue.

11.    Defendants treatment of Plaintiff was unfavorable when compared to her substantially younger counterparts. While Plaintiff was written up for false reasons, the younger employees who did commit work infractions were not written up. Thus, the reasons for Plaintiff's write-ups and termination were motivated by Plaintiff's age.

12.    As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered injury, including loss of income.

WHEREFORE, Plaintiff respectfully requests he be granted the following relief:

(a).    Actual and compensatory damages for the loss wages, including back and front pay and benefits;

(b)    Liquidated damages for the willful violation;

(c).    Attorneys fees, expenses, costs, and interest; and

(d).    All other and further relief as to this Court appears necessary and proper.

### Jury Demand

Plaintiff respectfully requests a trial by jury.

Respectfully submitted this 27th day of November, 2013.

For the Plaintiff:

Brian E. Arnold
SC I.D. No. 16839

Arnold Law Firm
1314 E. Washington Street
Greenville, SC 29607
phone: (864) 242-2427
fax:     (864) 335-4195